**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CR 142 |
| | ) | |
| **ALEXANDER SANTIAGO**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Alexander Santiago ("Santiago"), whom this Court sentenced as a career offender nearly three years ago,[1] has sought to invoke 18 U.S.C. § 3582(c) as a predicate for reducing his sentence based on a Sentencing Guidelines amendment that has generally lowered the base offense levels applicable to narcotics offenses. Unfortunately for Santiago, he is mistaken in assuming that the Sentencing Commission's determination that Guidelines Amendment 782 should be retroactively applicable to previously sentenced defendants has rendered such relief automatic -- instead the retroactivity provision operates only if the amendment lowers a specific defendant's Sentencing Guidelines range.

In that respect Sentencing Guideline § 1B1.10(a)(2)(B) (emphasis added) specifically provides:

> <u>A reduction in the defendant's term of imprisonment</u> is not consistent with this policy statement and therefore <u>is not authorized</u> under 18 U.S.C. § 3582(c)(2)

---

[1] Even though Santiago's career offender status established a guideline range of 188 to 235 months' imprisonment (with a mandatory minimum sentence of 60 months), the custodial sentence imposed by this Court was well below that range -- a 130 month term.

> if . . . <u>an amendment</u> listed in subsection (c) <u>does</u> <u>not</u> <u>have</u> <u>the</u> <u>effect</u> <u>of</u> <u>lowering</u> <u>the</u> <u>defendant's</u> <u>applicable</u> <u>guideline</u> <u>range</u>.

In this instance, just as in such cases as <u>United States v. Forman</u>, 553 F.3d 585, 589-90 (7th Cir. 2009) (per curiam), <u>United States v. Griffin</u>, 652 F.3d 793, 803 (7th Cir. 2011) and <u>United States v. Williams</u>, 694 F.3d 917, 918 (7th Cir. 2012), as well as in other cases cited in each of those opinions, the fact that Santiago was sentenced under the career offender guideline means that Amendment 782 does <u>not</u> result in a different sentencing range for him, so that no reduction of his sentence is permissible. Accordingly Santiago is not entitled to relief, and his motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 5, 2015